IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PATRICE WASHINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:24-CV-00592-ADA-JCM |
| § | |
| U.S. DHS—HIS, et al, § | |
| § | |
| Defendants. § | |
| § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Withdraw Complaint (ECF No. 4). For the reasons described below, the Court **RECOMMENDS** that Plaintiff's Motion to Withdraw be **CONSTRUED AS** a Motion to Dismiss, and that the Motion to Dismiss be **GRANTED**.

### I.   BACKGROUND

Plaintiff Patrice Washington moved to proceed in forma pauperis. Pl.'s Mot., ECF No. 1. The Court denied Plaintiff's motion because her application failed to show that she is unable to pay the filing fee, or that paying the filing fee would cause her undue financial hardship given that, among other reasons, she reported having $96,000 in cash or in a checking or savings account. ECF No. 3. Thus, the Court did not direct the Clerk of the Court to file Plaintiff's

1

Complaint. *Id.* The Court ordered Plaintiff to pay the filing fee by December 10, 2024. *Id.* Plaintiff did not do so. Instead, Plaintiff moved to withdraw her Complaint because she alleges that she cannot afford to prosecute her case. Pl.'s Mot. to Withdraw Compl. at 1, ECF No. 4.

## II. DISCUSSION

Plaintiff filed a pro se motion to withdraw her Complaint. *Id.* As noted above, Plaintiff has not paid the filing fee, and the Clerk of the Court has not filed Plaintiff's Complaint. Thus, there is no Complaint for the Court to withdraw. That said, the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

In liberally construing Plaintiff's motion to withdraw as a motion to dismiss under Federal Rule of Civil Procedure 41, the undersigned recommends that the Court grant the motion. The purpose of Rule 41(a)(2) is to permit the plaintiff, with court approval, to voluntarily dismiss an action so long as another party will not be prejudiced. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). Courts may attach conditions granting a Rule 41(a)(2) motion to dismiss to prevent defendants "from being unfairly affected by such dismissal." *Id.* (citations omitted). Granting Plaintiff's motion to dismiss will not prejudice the Defendants as they have not been served. Thus, the Court should construe Plaintiff's Motion to Withdraw as a Rule 41 Motion to Dismiss and **GRANT** the Motion.

## III. CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Withdraw Complaint (ECF No. 4) be **CONSTRUED AS** a Motion to Dismiss. The undersigned **FURTHER RECOMMENDS** that the Motion be **GRANTED**. Should the District Court adopt this Report & Recommendation, the Clerk of the Court is **DIRECTED** to close the above styled and numbered cause.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 17th day of December 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**